**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS DANIEL CHAVARRIA,<br><br>    Petitioner,<br><br>  v.<br><br>JIM HAMLET,<br><br>    Respondent.<br>_____ / | No. C 01-02242 SI<br><br>**ORDER DISMISSING IN PART AND DENYING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

Marcus Daniel Chavarria, an inmate at San Quentin State Prison, filed this amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1998 domestic violence conviction in Santa Clara County Superior Court.[1] The Court is presently charged only with determining whether Chavarria's amendments are barred by the statute of limitations and, if not, whether they are meritorious. This matter came on for oral argument on February 19, 2010. Having considered the arguments of the parties and the papers submitted, the Court concludes that Chavarria's amendments are barred by the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA") and DISMISSES the amended claims. As to the claims for relief raised in Chavarria's earlier petition, the Court adopts its prior order denying relief.

**BACKGROUND**

**I.    Factual Background**

Because the issues addressed in this order are primarily procedural and because the Court's prior

---

[1] The circumstances of Chavarria's 1998 conviction are set forth in the Court's March 24, 2003 order denying Chavarria's initial habeas petition. *See* March 24, 2003 Order (Docket No. 20).

1 order sufficiently described the factual basis for Chavarria's claims, it is unnecessary to describe in
2 detail the events giving rise to Chavarria's conviction and subsequent petition for writ of habeas corpus.
3 To briefly summarize, Chavarria's petition stems from a 1998 conviction for domestic violence, battery
4 causing serious bodily harm, attempted false imprisonment, and dissuading a witness.  Due to
5 Chavarria's lengthy criminal history, prior convictions for domestic violence, and prior convictions for
6 other serious felonies, he was sentenced to 45 years to life in prison.  He is currently an inmate at San
7 Quentin State Prison.

## II.     Procedural Background

Chavarria originally filed his pro se petition with this Court in June 2001.  Chavarria's petition raised nine claims challenging the validity of his conviction in state court.  Chavarria alleged (1) ineffective assistance of counsel stemming from various trial deficiencies; (2) violation of the Due Process, Equal Protection, and Ex Post Facto Clauses based on the admission of propensity evidence under California Evidence Code § 1109; (3-5) violation of due process based on inadequate jury instruction as to the defense of accident, self-defense, and reasonable doubt; and (6-9) violation of due process based on the admission or exclusion of various pieces of evidence at trial.  In March 2003, this Court issued an order denying Chavarria's petition on all grounds.  Chavarria filed a Notice of Appeal, and this Court issued a certificate of appealability as to three claims.

On appeal, Chavarria was appointed counsel by the Ninth Circuit.  Thereafter, Chavarria moved to hold his case in abeyance while he exhausted new claims in state court, and the Ninth Circuit granted the request.  After exhausting his state remedies, Chavarria moved to remand his case to this Court to allow him to move to amend his petition to state the newly-exhausted claims.  In October 2006, the Ninth Circuit dismissed Chavarria's appeal and remanded the case to this Court in order to "determine in the first instance whether amendment should be allowed."

In September 2008, Chavarria filed a motion to amend his original petition, and this Court ordered a response.  Respondent filed a notice of non-opposition to the motion to amend.  Consequently, the Court granted the motion to amend and Chavarria filed his amended petition.  *See* Amended Petition (Docket No. 35).  Respondent then filed an answer to Chavarria's amended petition in which he opposed

the amended claims on statute of limitations grounds and on the merits.

## III. Chavarria's Amended Claims

Chavarria's amended petition raises two new claims challenging the validity of his conviction. First, Chavarria argues that two jury instructions, CALJIC Nos. 2.50.02 and 2.50.1, violated his rights to due process and to a jury verdict within the meaning of the Sixth Amendment because the instructions permitted the jury to convict on the present charges solely on the basis of Chavarria's prior acts of domestic violence, which only needed to be proved by a preponderance of the evidence.[2] Second, Chavarria claims that his state appellate counsel was ineffective for failing to raise a challenge to these jury instructions during his state court appeal.

Despite filing a notice of non-opposition to Chavarria's motion to amend, respondent now challenges the inclusion of these amendments. Respondent argues that the amendments are time-barred because they do not "relate back" to claims raised in the original petition and that the amendments constitute a second or successive petition. Respondent also challenges the amendments on the merits.

## DISCUSSION

### I. Waiver

As a preliminary matter, Chavarria argues that the state waived its statute of limitations defense

---

[2] The text of the challenged instructions, as given at trial, was as follows:

CALJIC 2.50.02:

Evidence has been introduced for the purpose of showing that the defendant engaged in an offense involving domestic violence on one or more occasions other than that charged in the case. . . . If you find that the defendant committed a prior offense involving domestic violence, you may, but are not required to, infer that the defendant had a disposition to commit the same or similar type offenses. If you find that the defendant had this disposition, you may, but are not required to, infer than he was likely to commit and did commit the crime of which he is accused.

CALJIC 2.50.1:

Within the meaning of the preceding instruction, such other crime or crimes purportedly committed by a defendant must be proved by a preponderance of the evidence. You must not consider such evidence for any purpose unless you are satisfied that the defendant committed such other crime or crimes. The prosecution has the burden of proving these facts by a preponderance of the evidence.

3

to the amended claims by filing a notice of non-opposition to Chavarria's motion to amend. "There is no dispute that AEDPA's statute of limitations is an affirmative defense." *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) (citation omitted). The state may waive a statute of limitations defense either expressly or by failing to raise the defense in its first responsive pleading. *Id.* at 1045-46.

Chavarria argues first that respondent expressly waived any argument that his amendments are barred by the statute of limitations by filing a statement of non-opposition to the motion to amend. However, respondent's notice of non-opposition only states, "Respondent hereby notifies this court and counsel for petitioner, that he does not oppose the September 8, 2008 motion for leave to amend the application for federal habeas corpus relief." Notice of Non-Opposition (Docket No. 39). Nowhere in this statement does respondent waive its statute of limitations defense, much less address any substantive issue presented by the petition. The Court is not inclined to hold that a response merely expressing no opposition to the filing of an amended petition can constitute an express waiver of all arguments as to the merits of the amendments.[3] The Court finds that respondent did not expressly waive its statute of limitations defense by not opposing the filing of the amended petition.

A respondent can also waive its statute of limitations defense implicitly by failing to raise the defense in the first responsive pleading. *Brown v. Maass,* 11 F.3d 914, 914-15 (9th Cir. 1993); *Morrison*, 399 F.3d at 1046-47. The question presented here is whether respondent's statement of non-opposition constituted a responsive pleading. Under Federal Rule of Civil Procedure 7(a), the term "pleading" includes a complaint, answer, answer to a counterclaim or cross-claim, third party complaint, answer to a third-party complaint, and reply to an answer. Fed. R. Civ. P. 7(a); *Morrison*, 399 F.3d at 1046 (applying the principles of Rule 7(a) to the habeas context). A response to a motion to amend is clearly not a responsive pleading within the meaning of Rule 7(a), and therefore respondent was not required to raise its affirmative defenses in that response in order to avoid an implied waiver. *Morrison*, 399 F.3d at 1047 (motion to dismiss "not a responsive pleading that required the State to raise or waive all its defenses"); *Randle v. Crawford*, 578 F.3d 1188, 1182 (9th Cir. 2009) (state did not waive statute

---

[3] Chavarria postulates that the state filed a statement of non-opposition because it concluded that governing Supreme Court law permitted the filing of the new claims. The Court declines to speculate about the reasons for respondent's previous filing and holds only that the filing did not constitute a waiver of the statute of limitations defense.

4

of limitations defense in habeas proceeding by failing to raise the defense in motion to dismiss, during stipulation to stay proceedings, or in opposition to petitioner's motion to reopen federal habeas case).

As a final note, the Court observes that Chavarria has not been prejudiced by respondent's present assertion of the statute of limitations argument. *Compare Day v. McDonough*, 547 U.S. 198, 210 (2006) (holding respondent did not waive statute of limitations defense where failure to raise defense was due to error in calculating time and where petitioner suffered no prejudice). Chavarria had the opportunity to address the issue of timeliness thoroughly in his reply brief.

Having concluded that respondent's failure to oppose the motion to amend does not constitute an express or implied waiver of the statute of limitations defense, the Court will consider whether Chavarria's newly-added claims are timely.

## II.    Relation Back

Respondent challenges both amendments to Chavarria's habeas petition on the ground they do not "relate back" to the claims raised in the original petition and are therefore time-barred. There is no dispute that Chavarria's original petition did not contain the amended claims, or that the new claims were filed after the expiration of AEDPA's one-year statute of limitations.

Where an amendment is sought to reopen a habeas action that has been stayed to allow the petitioner to exhaust claims not named in the original petition, the newly-exhausted claims must "relate back" to the timely, exhausted claims in the original petition. *Mayle v. Felix*, 545 U.S. 644, 654-55 (2005); *King v. Ryan*, 564 F.3d 1133, 1142-43 (9th Cir. 2009). Amendments "relate back" to the date of the original petition only if the new claims contain a "common core of operative facts" with the original claims. *Mayle*, 545 U.S. at 664; *King*, 564 F.3d at 1143. By contrast, an amended petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650, 657 (finding that a coerced confession claim did not relate back to an original Confrontation Clause claim because the confession giving rise to the coercion claim was "separated in time and type" from the videotaped witness statements that gave rise to the original Confrontation Clause claim).

5

The Court will address in turn each of Chavarria's new claims: (1) that the trial court's jury instructions on the violated his rights to due process and to a jury verdict because the instructions permitted the jury to convict solely on the basis of Chavarria's prior bad acts; and (2) that state appellate counsel was ineffective for failing to challenge the jury instructions during the state court appeal.

### A.     Jury Instruction Claim

Chavarria's first amended claim is that his rights to due process and to a jury verdict were violated by the trial court's instructions on the permissible application of evidence of prior bad acts. Chavarria's original habeas petition included a claim that the admission of evidence of three specific prior acts of domestic violence to show propensity violated his right to due process. Chavarria contends that the newly-added jury instruction claim relates back to the original claim because "jurors are instructed on the use of other-crimes evidence only when such evidence is admitted" and therefore the two claims "are tied to a common core of operative facts – the use of that evidence to prove the defendant guilty of the current charges." Reply at 10.

In *Hebner v. McGrath*, 543 F.3d 1133 (9th Cir. 2008), the Ninth Circuit considered and rejected a virtually identical claim. The petitioner in *Hebner* sought to amend his habeas petition to include a claim that his right to due process was violated by the trial court's use of jury instructions parallel to those at issue in the present case.[4] The petitioner argued that this new claim related back to his original petition, which had challenged the admission of testimony regarding his prior bad acts. *Id.* at 1137. The Ninth Circuit held that the new claim did not relate back to the original claim challenging the admission of the evidence because the two claims would be supported by separate sets of facts, "the first claim focusing on the admission of evidence and the later claim on the instructions given to the jury." *Id.* at 1138. The court emphasized that the petitioner's claims were based on two different occurrences which were "'separated in time and type.'" *Id.* (quoting *Mayle*, 545 U.S. at 657).

*Hebner* is virtually indistinguishable from the present case. In both cases, the petitioners

---

[4] Hebner's claims concerned jury instructions regarding propensity evidence of prior sexual assault acts, while Chavarria's claims concern instructions regarding propensity evidence of prior acts of domestic violence. The instructions are contained in successive sections of the California Criminal Jury Instructions, CALJIC 2.50.01 (sexual assault) and 2.50.02 (domestic violence).

originally filed pro se habeas petitions challenging the admission of propensity evidence of their prior bad acts on due process grounds. Although neither petition squarely raised the jury instruction issue, both petitions alluded to it in similar terms. *See* Chavarria's Petition at 41 (Docket No. 1) ("The jury was instructed that it could infer that petitioner had a 'disposition' to commit acts of domestic violence, and that it could use this 'disposition' evidence as proof that he 'did commit the crime or crimes for which he is accused'"); Hebner's Petition at 5-A (Docket No. 1, No. 00-2907 VRW) ("[T]he instructions to the jury told them that they could use evidence of a prior sexual assault crime to determine that petitioner has a disposition to commit sexual offenses from which they could infer that if he committed the other sexual assault offense, he also committed the charged sexual offense in this case.").[5] Both petitioners then filed amended petitions after the expiration of AEDPA's statute of limitations, seeking to add a claim concerning the jury instructions with respect to the standard of proof and permissible use of the propensity evidence admitted at trial. *See* Chavarria's Amended Petition at 21; Hebner's Amended Petition at 5-D–5-E (Docket No. 45, No. 00-2907 VRW).

If the Court were considering as a matter of first impression whether Chavarria's amended jury instruction claim relates back to his original claim challenging the admission of evidence, the Court would rule in Chavarria's favor and find that the amended claim is timely. The Court agrees with Chavarria that, as a matter of common sense, a new claim challenging jury instructions on the standard of proof and the permissible use of propensity evidence is related to a prior claim challenging the initial admission of that same evidence because the jury would not have been given the challenged instructions but for the admission of the evidence. In addition, the Court does not believe that the rule set forth by the Ninth Circuit in *Hebner* is required by the Supreme Court's holding in *Mayle*, which provides that an amended claim relates back when it is based on a "common core of operative facts" with the claims

---

[5] As the Ninth Circuit pointed out in its opinion affirming the district court's dismissal of Hebner's amended claims, Hebner's original petition also alluded to the standard of proof issue. Hebner's Petition at 5-A ("In this case, the court ruled that evidence of a prior sexual offense . . . was not only admissible in the trial of the currently charged sexual offenses but also that it was sufficient for such a prior to be proved only by a preponderance of the evidence."). The Ninth Circuit concluded that the later jury instruction claim still did not relate back because Hebner's original reference to the preponderance standard was made "only to further his argument that he admission of [the propensity evidence] could have led the jury to find him guilty because they wanted to punish him for the [past] crime." *Hebner*, 543 F.3d at 1138.

7

in the original petition. *Mayle*, 545 U.S. at 664. In the Court's view, Chavarria's jury instruction claim shares a common core of facts with his challenge to the admission of the propensity evidence, particularly given the normal prohibition on use of propensity evidence in most areas of the criminal law.

Under binding Ninth Circuit law, however, the Court must conclude that the amended claim does not relate back. Chavarria's jury instruction claim is therefore DISMISSED as untimely under AEDPA.[6]

### B. Ineffective Assistance of Appellate Counsel Claim

Chavarria's second new claim is that his state appellate counsel was ineffective for failing to challenge the aforementioned jury instruction during his state court appeal. Chavarria asserts that this claim relates back to his original petition because "it is founded on and cannot be separated from" his jury instruction claim. Amended Petition at 10. Because Chavarria's jury instruction claim is untimely, his ineffective assistance claim cannot now be deemed timely on this basis.

In addition, Chavarria's ineffective assistance claim does not relate back to the ineffective assistance claims asserted in his original habeas petition. Chavarria's original petition contained four ineffective assistance claims, all of which challenged his *trial* counsel's performance. A claim based upon the performance of *appellate* counsel is clearly a "new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650; *accord United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely

---

[6] Although the Court is unable to reach the merits of Chavarria's jury instruction claim, the Court believes that the claim raises serious constitutional questions. The Ninth Circuit held in *Gibson v. Ortiz*, 387 F.3d 812 (9th Cir. 2004), *overruled on other grounds*, *Byrd v. Lewis*, 566 F.3d 855 (9th Cir. 2009), that the same combination of jury instructions at issue in this case – an instruction regarding the permissible use of evidence of prior bad acts, coupled with an instruction stating that the past acts could be found by a preponderance of the evidence – violated the petitioner's due process right not to be convicted except on proof beyond a reasonable doubt. *Gibson*, 387 F.3d at 822-23 (citing *In re Winship*, 397 U.S. 358, 364 (1970)). In the Court's view, this holding strongly suggests that Chavarria's claim is meritorious. Indeed, in *Hebner*, the state conceded that if the petitioner's jury instruction claim were timely, *Gibson* would compel the granting of Hebner's petition. *Hebner*, 543 F.3d at 1137.

8

distinct type of attorney misfeasance."); *United States v. Gonzales*, No. 07-40517, 2009 WL 5103550, at *4-5 (5th Cir. Dec. 29, 2009) (same); *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999) (same); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (same). Thus, Chavarria's claim for ineffective assistance of appellate counsel does not relate back to his earlier claims for ineffective assistance of trial counsel, and the claim is therefore barred by AEDPA's one-year limitations period.

## CONCLUSION

For the foregoing reasons, the Court hereby DISMISSES Claims 3 and 7 of Chavarria's amended petition for writ of habeas corpus on statute of limitations grounds and DENIES the remaining claims for the reasons set forth in the Court's March 24, 2003 Order. (Docket No. 35).

**IT IS SO ORDERED.**

Dated: April 12, 2010

SUSAN ILLSTON
United States District Judge