IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS DANIEL CHAVARRIA, | No. C 01-02242 SI |
| Petitioner, | **ORDER GRANTING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY** |
| v. | |
| JIM HAMLET, | |
| Respondent. | |

Petitioner Marcus Daniel Chavarria has filed a request for a certificate of appealability. For the reasons set forth below, the Court GRANTS Chavarria's request.

**DISCUSSION**

Chavarria originally filed a pro se petition for writ of habeas corpus with this Court in June 2001, challenging his 1998 state court conviction on numerous grounds. The Court denied the petition in full, and Chavarria appealed. While his appeal was pending before the Ninth Circuit, Chavarria moved to hold his case in abeyance while he exhausted new claims in state court, and the Ninth Circuit granted the request. Chavarria exhausted several additional claims and then filed an amended petition for writ of habeas corpus in this Court in September 2008. On April 12, 2010, the Court dismissed Chavarria's amended claims. Chavarria then filed the present request for a certificate of appealability ("COA").

Before a habeas petitioner may appeal the denial of a petition for writ of habeas corpus, he must obtain a COA from the court. 28 U.S.C. § 2253(c)(1). "[U]ntil a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To obtain a COA, the petitioner must make "a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Doe v. Woodford*, 508 F.3d 563 (9th Cir.2007) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)) (alteration omitted). The petitioner need not, however, show that his appeal is likely to succeed. *Miller-El*, 537 U.S. at 337.

The Court dismissed Chavarria's amended claims on statute of limitations grounds after concluding that, under binding Ninth Circuit precedent, the claims did not "relate back" to the claims filed in Chavarria's original petition. In the Court's view, however, the relation back issue could well have been resolved differently. Moreover, the underlying claims concerning the trial court's admission of propensity evidence and instruction to the jury that the propensity evidence need only be proved by a preponderance of the evidence, as well as Chavarria's related ineffective assistance claim, raised serious constitutional questions that the Court was unable to address as a result of the statute of limitations issue.

Under these circumstances, Chavarria is entitled to a COA on each of his amended claims as well as the claims stated in his original petition for which the Court previously granted a COA.

## CONCLUSION

For the foregoing reasons, and for good cause shown, the Court hereby GRANTS petitioner's request for a certificate of appealability. (Docket No. 58).

**IT IS SO ORDERED.**

Dated: May 6, 2010

SUSAN ILLSTON
United States District Judge

2